The plaintiff and his assignor, while copartners doing business under the firm name of Darnell & Patton, entered into a written agreement with the defendant corporation for the purchase and sale of liquid chlorine. The contract provided that the respondent agreed to sell to Darnell & Patton and that the latter agreed to buy from the respondent, Darnell & Patton's entire supply of liquid chlorine to be used in the treatment of flour and cereals from the date of the contract to March 15, 1917, not to exceed 50,000 pounds monthly, the price ranging from nine cents per pound for the first 20,000 pounds to prices fixed for different amounts on subsequent deliveries. Near the end of the typewritten contract was a special clause written in ink as follows: " Buyers to have the option of taking chlorine for other uses to be applied on above contract." Defendant contended that the contract was void as lacking in mutuality.

*Edwin A. Falk* and *Joseph R. Truesdale* for appellant.
*Eugene W. Leake* and *Edward A. Craighill, Jr.,* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

SMITH STORAGE AND CARTING CORPORATION, Respondent,
*v.* DIRECTOR-GENERAL OF RAILROADS, Appellant.

*Negligence — railroads — collision at railroad crossing between locomotive and automobile truck.*

Smith Storage & Carting Corpn. v. Director-General of Railroads, 202 App. Div. 826, affirmed.

(Argued June 13, 1923; decided July 13, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 5, 1922, affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover for damage to a truck which was struck by one of defendants' locomotives at a railroad crossing in the village of La Salle. The defendant's tracks at the point

in question are double tracks running east and west between Buffalo and Niagara Falls, N. Y. The river road runs from Niagara Falls, east and west to the point of crossing. It then turns at nearly right angles in a northerly direction. The river road contains the two street car tracks of the International Railway Company to the point where it turns north over the crossing in question. In turning north the river road crosses the double tracks of the New York Central, the single track of the Erie railroad and the double tracks of the high speed line of the International Railway Company. The truck of the plaintiff was being driven by one of its employees. It was going east on the southerly side of the river road. In turning north to make the crossing, the truck crossed the two tracks of the International railway in the river road before it reached the tracks of the defendant. Plaintiff alleged that the driver's view was obstructed; that the locomotive gave no signal of its approach and that the flagman was absent from his post.

*Carlton A. Fisher* for appellant.

*Glenn A. Stockwell* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

EARL H. HENDERSON, Appellant, *v.* GEORGE A. GILLETTE et al., Respondents.

*Replevin — chattel mortgage — action by purchaser to obtain possession of automobile taken under chattel mortgage executed by vendor as collateral security for note.*

*Henderson* v. *Gillette,* 203 App. Div. 877, affirmed.

(Argued June 13, 1923; decided July 13, 1923.)

APPEAL, by permission, from a judgment, entered January 9, 1923, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department overruling plaintiff's exceptions ordered to be heard in the first instance by the Appellate Division, denying a motion for a new trial and directing judgment in favor